PETERSON, Judge.
The issue to be determined in this appeal is whether the excise tax imposed by section 201.08(1), Florida Statutes (1991), must be paid even though the separate mortgage securing it is unrecorded.
Central Florida Investments, Inc. (“CFI”), is a timeshare developer which, in the course of selling timeshares, receives promissory notes for a portion of the sales price. These notes are secured by purchase money mortgages that CFI chooses not to record in the public records. While CFI pays the intangible tax pursuant to sections 199.133-199.135, Florida Statutes, it contends that it is not required to pay the section 201.08 excise tax until it elects to record the mortgage.
Subsection (1) of section 201.08 provides: On promissory notes, nonnegotiable notes, written obligations to pay money, or assignments of salaries, wages, or other compensation made, executed, delivered, sold, transferred, or assigned in the state, and for each renewal of the same, the tax shall be 32 cents on each $100 or fraction thereof of the indebtedness or obligation evidenced thereby. On mortgages, trust deeds, security agreements, or other evidences of indebtedness filed or recorded in this state, and for each renewal of the same, the tax shall be 32 cents on each $100 or fraction thereof of the indebtedness or obligation evidenced thereby. Mortgages, including, but not limited to, mortgages executed without the state and recorded in the state, which incorporate the certificate of indebtedness, not otherwise shown in separate instruments, are subject to the same tax at the same rate. When there is both a mortgage, trust deed, or security agreement and a note, certificate of indebtedness, or obligation, the tax shall be paid on the mortgage, trust deed, or security agreement at the time of recor-dation. A notation shall be made on the note, certificate or indebtedness, or obligation that the tax has been paid and the proper stamps affixed to the mortgage, trust deed, or security agreement....
At first, CFI’s position appears to be supported by the italicized portion of the above-quoted statute. However, the assertion that a taxpayer may completely escape the legislature’s obvious intent to collect a validly imposed tax requires analysis of the statute.
Unfortunately section 201.08(1) is not very clear, but we conclude from our analysis that the statute contemplates two types of obligations of indebtedness, each of which independently incurs a tax:
1. An unsecured obligation such as a promissory note described in the first sentence of the subsection;
2. A mortgage, trust deed, security agreement, or other evidence of indebtedness filed or recorded in this state.
*1163 The subsection distinguishes between mortgages that incorporate an undefined “certificate of indebtedness” and the more customary, a mortgage securing a separate note. In the case of the latter the statute requires that the separate note bear a notation that the tax has been paid and the proper stamps have been affixed to the recorded mortgage.
The requirement that a notation be made upon a note when stamps have been attached to the recorded mortgage is for the benefit of the taxpayer: (1) to prevent penalties from being imposed in the event an audit by the Department of Revenue (“DOR”) reveals an unstamped note; and, (2) to avoid the imposition of a tax upon both a note and a recorded mortgage. In the instant case an audit would reveal the execution and delivery of an unstamped note that incurred a tax pursuant to the first sentence of subsection one, and it would reveal that the tax remains unpaid because the mortgage has never been recorded. Because the unrecorded mortgage never incurred a tax, the statute did not authorize a notation on the note that would allow it to escape taxation. We hold that the note always incurs the tax unless the mortgage incurs the tax at the time it is recorded. It is by the act of recording the mortgage that the note secured by the mortgage escapes the stamp tax.[1]
The judgment of the trial court requiring payment of the documentary stamp tax on the note is affirmed.
AFFIRMED.
HARRIS, C.J., and THOMPSON, J., concur.

. We note that the statute ignores the situation where a delay occurs between the execution of a note and the recordation of the mortgage securing it. The taxpayer must decide whether to attach the documentary stamps to the note in order to avoid the possibility of incurring criminal and civil penalties in the event the taxpayer is caught with the note by DOR auditors before the mortgage is recorded. When the mortgage is presented for recording, the clerk will most likely demand another payment of the excise tax on the mortgage pursuant to the italicized language in the above quoted statute; the notation of payment is to be made upon the note, not the mortgage. The legislature should repair this glitch, as well as the entire chapter, to facilitate taxpayer comprehension. See section 199.135, Florida Statutes, for example, where the legislature plainly indicated that when a mortgage is not recorded within 30 days after it is created, the tax is payable by the end of that period.